Members of the jury, you have seen and heard all the evidence.  Now I will instruct you on the law, and then you will hear the arguments of the attorneys.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Court's Jury Instruction No. 1
1.01 7th Circuit Pattern Civil Jury Instruction

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Court's Jury Instruction No. 2
1.06 7th Circuit Pattern Civil Jury Instruction

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Court's Jury Instruction No. 4
1.12   7th Circuit Pattern Jury Instruction

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the  things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

Court's Jury Instruction No. 5
1.13  7th Circuit Pattern Jury Instruction

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Court's Jury Instruction No. 7
1.27 7th Circuit Pattern Jury Instruction

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties in whole or in part, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Court's Jury Instruction No. 9
1.34  7th Circuit Pattern Jury Instruction

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Court's Jury Instruction No. 10
AO Recommended instruction

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

Court's Jury Instruction No. 11
1.33  7th Circuit Pattern Jury Instruction

Plaintiff has brought this lawsuit under a federal law called the Americans with Disabilities Act, which is often referred to by its initials, "ADA."  Under the ADA, it is illegal for an employer to discriminate against a person with a disability if that person is qualified to do the essential functions of her job and the employer is aware of her limitations.

In this case, Plaintiff claims that Defendant discriminated against her by constructively discharging her because she had a disability.  Defendant denies that it discriminated against Plaintiff and says that Plaintiff's job was eliminated in order to save money for the Madison County Treasurer's Office.

As you listen to these instructions, please keep in mind that many of the terms I will use have a special meaning under the law. So please remember to consider the specific definitions I give you, rather than using your own opinion as to what these terms mean.

Court's Jury Instruction No. 12
4.01  7th Circuit Pattern Jury Instruction (modified)

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Plaintiff's Proposed Instruction No. 2

7th Circuit Jury Instruction 1.04

EVIDENCE

_____ Given      _____ Withdrawn          _____ Refused   _____ Modified

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Plaintiff's Proposed Instruction No. 3

7th Circuit Jury Instruction 1.07
NOTE-TAKING

_____ Given      _____ Withdrawn          _____ Refused    _____ Modified

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Instruction No. 4

7th Circuit Jury Instruction 1.08
CONSIDERATION OF ALL EVIDENCE, REGARDLESS OF WHO PRODUCED IT

_____ Given      _____ Withdrawn          _____ Refused   _____ Modified

You may consider statements given by a party under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Instruction No. 6

7th Circuit Jury Instruction 1.14
PRIOR INCONSISTENT STATEMENTS [OR ACTS]

_____ Given        _____ Withdrawn          _____ Refused    _____ Modified

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Instruction No. 7

7th Circuit Jury Instruction 1.18

ABSENCE OF EVIDENCE

_____ Given          _____ Withdrawn            _____ Refused   _____ Modified

Under the ADA, Plaintiff was "qualified" if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without an accommodation. You should only consider Plaintiff's abilities at the time when Defendant made the decision to eliminate her position.

Plaintiff's Proposed Instruction No. 12

7th Circuit Jury Instruction 4.05 (modified)
DEFINITION OF QUALIFIED

_____ Given          _____ Withdrawn          _____ Refused     _____ Modified

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

Plaintiff's Proposed Instruction No. 13
7th Circuit Jury Instruction 3.10
COMPENSATORY DAMAGES

_____ Given          _____ Withdrawn          _____ Refused  _____ Modified

To succeed in this case, Plaintiff must prove four things by a preponderance of the evidence:

1. Plaintiff had a disability, or was regarded by Defendant as disabled, or had a record of a disability;

2. Plaintiff was "qualified" to perform the job;

3. Plaintiff was forced to retire because Defendant purposely made her working conditions so intolerable that a reasonable person in her position would have had to retire;

4. Defendant would not have forced her to retire if she had not had a disability, but everything else was the same.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, you should turn to the issue of Plaintiff's damages.  If you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, your verdict should be for the Defendant.

Plaintiff's Proposed Instruction No.18

7th Circuit Jury Instruction 4.02 Modified

Elements of an ADA Claim

_____ Given   _____ Withdrawn   _____ Refused   _____Modified

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Verdict forms read:

VERDICT FORM A

On Plaintiff's discrimination claim against Defendant, we find in favor of Plaintiff and against Defendant.  If you completed this form, you must also complete Verdict Form C.

VERDICT FORM B

On plaintiff's discrimination claim against Defendant, we find in favor of Defendant and against Plaintiff.

VERDICT FORM C

If you completed Verdict Form A, you must assess compensatory damages. We assess compensatory damages in favor of Plaintiff and against Defendant in the amount of $_____.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and the appropriate form, and all of you will sign it.

Plaintiff's Proposed Instruction No. 14
7th Cir. Pattern Civil Jury Instruction 1.32
VERDICT FORMS

_____ Given          _____ Withdrawn          _____ Refused   _____ Modified

Certain charts have been shown to you.  These exhibits are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

Defendants' Instruction No. 1
7th Cir. Pattern 1.24

Under the ADA, the term "disability" means a physical impairment that "substantially limits" the major life activity of working.  I will now define some of these terms in more detail.  Again, I remind you to consider the specific definitions I give you, and not to use your own opinion as to what these terms mean.

*(a)  Substantially Limiting:  Work as major Life Activity*

Let me start by telling you what I mean by "substantially limiting."  An impairment substantially limits a person's ability to work if it significantly restricts her from performing a class of jobs, or a broad range of jobs in various classes, compared to someone with similar knowledge, skills, and training.  Being unable to do a particular job, however, is not by itself a substantial limitation on the ability to work.

To decide if Plaintiff's impairment substantially limited Plaintiff's ability to work, you should consider the nature and severity of the impairment, how long it was expected to last, and its expected long-term impact.

Only impairments with a permanent or long-term impact are disabilities under the ADA.  Temporary injuries and short-term impairments are not disabilities.

*(b) Definition of "Regarded As"*

Under the ADA, a person is "regarded as" having a disability if:

1. The employer believes that the person has a physical or mental impairment that substantially limits her ability to work; or

2. The employer believes that an actual impairment substantially limits her ability to work when it does not, because of the attitude that others have about the impairment; or

3. The person does not have any impairment, but the employer treats her as having an impairment that substantially limits her ability to work.

*(c) Definition of "Record Of"*

Under the ADA, a person has "a record of a disability" if she has a record of a physical or mental impairment that substantially limits a person's ability to work. This includes someone who has had a substantially limiting impairment but is now recovered. It also includes someone whose substantially limiting impairment is currently in remission or is controlled by medication.

Defendants' Instruction No. 5 (revised)
7th Cir. Pattern 4.04 (modified)

In deciding Plaintiff's claims, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair.  Rather, your concern is only whether Plaintiff has proved that Defendant discriminated against Plaintiff because of disability.

Defendants' Instruction No. 6
7th Cir. Pattern 3.07 (modified)

If you find that Plaintiff has proved her claim against the Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.  Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove her claim, then you will not consider the question of damages.

Defendants' Instruction No. 7
7th Cir. Pattern 3.09

In this case the defendant, the Madison County Treasurer's Office, is a government office.  All parties are equal before the law.  A government office is entitled to the same fair consideration that you would give to any individual person.

Defendants' Instruction No. 10
7th Cir. Pattern 1.03 (modified)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| LINDA DUNNAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 3:14-cv-01339-SMY-SCW |
| v. | ) | |
| | ) | |
| THE MADISON COUNTY | ) | |
| TREASURER'S OFFICE and MADISON | ) | |
| COUNTY, ILLINOIS, *an Illinois* | ) | |
| *Municipality,* | ) | |
| | ) | |
| Defendants. | ) | |

**JURY VERDICT FORM A**

On Plaintiff's discrimination claim against Defendant, we find in favor of Plaintiff and against Defendant.

Presiding Juror:     _____

_____

_____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LINDA DUNNAGAN,                         )
                                        )
                    Plaintiff,          )
                                        )   Cause No. 3:14-cv-01339-SMY-SCW
v.                                      )
                                        )
THE MADISON COUNTY                      )
TREASURER'S OFFICE and MADISON          )
COUNTY, ILLINOIS, *an Illinois*         )
*Municipality,*                         )
                                        )
                    Defendants.         )

**JURY VERDICT FORM B**

On Plaintiff's discrimination claim against Defendant, we find in favor of Defendant and against Plaintiff.

Presiding Juror: _____

_____

_____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA DUNNAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | )    Cause No. 3:14-cv-01339-SMY-SCW |
| v. | ) |
| | ) |
| THE MADISON COUNTY | ) |
| TREASURER'S OFFICE and MADISON | ) |
| COUNTY, ILLINOIS, *an Illinois* | ) |
| *Municipality,* | ) |
| Defendants. | ) |

**JURY VERDICT FORM C**

If you completed Verdict Form A, you must assess compensatory damages.

We assess compensatory damages in favor of Plaintiff and against Defendant in the

amount of $_____.

Presiding Juror:    _____

_____

_____

_____

_____

_____

_____

_____