IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *LINDA DUNNAGAN,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:14-cv-01339-SMY-SCW |
| | ) | |
| *KURT PRENZLER, Individually and in his* | ) | |
| *official capacity as Madison County* | ) | |
| *Treasurer, and MADISON COUNTY,* | ) | |
| *ILLINOIS, an Illinois Municipality,* | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL PRETRIAL ORDER**

**YANDLE, District Judge:**

**I.     COUNSEL OF RECORD**

**Attorney(s) for Plaintiff(s):**
Lee W. Barron
William D. Buchanan
Attorney at Law
112 Front St.
Alton, IL  62002
(618) 462-9160
lee@leebarronlaw.com

**Attorney(s) for Defendant(s):**
John L. Gilbert
Sandberg Phoenix & von Gontard, P.C.
101 W. Vandalia, Ste. 300
Edwardsville, IL  62025
(618) 659-9861
 jgilbert@sandbergphoenix.com

Geri Lynn Arrindell
Sandberg Phoenix & von Gontard, P.C.
600 Washington Ave., 15th Fl.
St. Louis, Missouri 63101
(314) 231-3332
garrindell@sandbergphoenix.com

**II.     NATURE OF THE CASE**

6883714.1

This is a civil case. The Plaintiff is Linda Dunnagan, and the Defendants are the Madison County Treasurer's Office and Madison County. Plaintiff claims that Defendants violated the Americans with Disabilities Act -- the ADA -- when Defendants eliminated her position as Comptroller at the Madison County Treasurer's Office. Defendants deny that they violated the ADA and deny that they unlawfully discriminated against Plaintiff. Defendants assert that the elimination of the position of Comptroller was a financial decision that had nothing to do with Plaintiff's disability or perceived disability. Plaintiff claims she suffered wage loss, loss of benefits, and emotional distress and humiliation on account of what she claims is the violation of the ADA; Defendants deny that she suffered any damages attributable to anything they did and deny that she suffered damages to the extent she claims.

### III. SUBJECT MATTER JURISDICTION

This is an action for money damages.

The basis for the Court's subject matter jurisdiction is statutory pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C.S. § 12101 et seq.

The existence of subject matter jurisdiction is not contested.

### IV. STIPULATED FACTS

The following facts are not disputed: See attached.

### V. ISSUES

1. Issues of law for the Court to decide:

    a) Front pay, attorney's fees, injunctive relief, admissibility of evidence, and instructions for the jury. Whether a directed verdict should be entered in favor of either party.

    b) Whether Plaintiff was an employee of Madison County's Treasurer's Office, or Madison County Government.

    c) Whether Defendant Prenzler can be sued as an individual under the Americans with Disabilities Act ("ADA").

2. Issues for the Jury to decide:

    a) Whether Defendant discriminated and/or retaliated against Plaintiff based on disability and damages if the jury finds in favor of Plaintiff.

### VI. WITNESSES

6883714.1

A. Plaintiff intends to call the following witnesses:

1. Expert witnesses:  None.

2. Non-expert witnesses:
    a) Linda Dunnagan, Plaintiff
    b) Jeff Dunnagan
    c) Kurt Prenzler
    d) Jeremy Plank
    e) Candance Gilstrap
    f) Christine Sillery
    g) Joseph Parente

B. Defendant intends to call the following witnesses:

1. Expert witnesses: None.

2. Non-expert witnesses:
    a) Kurt Prenzler
    b) Jeremy Plank
    c) Candance Gilstrap
    d) Christine Sillery
    e) Patty Stanley
    f) Joseph Parente
    g) Dr. Vinay Kamat and/or Dr. Paul L'Ecuyer (and/or Records Custodian Maria Tiberend)
    h) Dr. Terry Moore (and/or Records Custodian – Angela Davis)
    i) Dr. Amanda Dehlendorf (and/or Records Custodian)
    j) Dr. Srikanth Bathula (and/or Records Custodian)
    k) Dr. Brett Taylor (and/or Records Custodian)
    l) Dr. Thomas Bailey (and/or Records Custodian)
    m) Dr. Courtney D. Chrisler (and/or Records Custodian)
    n) Barnes Jewish West County Hospital – Physician and/or Records Custodian Kim Patrick
    o) Barnes Jewish Hospital – Physician and/or Records Custodian Alicia Bell
    p) Additional Physicians/Hospitals and/or Records Custodians from outstanding medical records.

C. Rebuttal witnesses.  Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice to the other party.

## VII.   EXHIBITS

6883714.1

See Joint Exhibit List attached.

## VIII. DAMAGES

Plaintiff seeks damages from the jury in an amount the jury deems appropriate to compensate Plaintiff.

Plaintiff seeks front and back pay from the Court in an amount the Court finds required by the evidence.

Plaintiff will submit a petition to the Court for attorney's fees, costs and expenses at the conclusion of the trial.

## IX. BIFURCATED TRIAL

The parties have not requested a bifurcated trial.

## X. TRIAL BRIEFS

None.

## XI. MOTIONS *IN LIMINE*

Plaintiff filed her Motions *in Limine* on December 30, 2015. Plaintiff does not currently anticipate filing any additional Motions *in Limine*.

Defendants filed their Motions *in Limine* on December 30, 2015.

The Motions *in Limine* have not been ruled upon.

## XII. DEPOSITIONS

The parties will not be relying on deposition testimony during trial.

## XII. JURY INSTRUCTIONS

The parties do not anticipate issues with respect to preparation of the proposed jury instructions.

All jury instructions shall be submitted as directed by the presiding judge and a copy delivered to opposing counsel.

6883714.1

XIII.  **LIMITATIONS, RESERVATIONS AND OTHER MATTERS**

    A.  **Trial Date.**  Trial is set for February 8, 2016.

    B.  **Length of Trial**. The probable length of trial is 5 days. The case will be listed on the trial calendar to be tried when reached.

        **Mark Appropriate Box:** JURY. . . . X    NON-JURY. . . . ☐

    C.  **Number of Jurors.** There shall be a minimum of 6 jurors.

    D.  **Jury Voir Dire.** The Court will conduct voir dire. Limited participation by counsel may be permitted. If voir dire questions are to be tendered, they should be submitted with the Final Pretrial Order.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

DATED:  February 3, 2016

/s/  *Staci M. Yandle*
STACI M. YANDLE, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

APPROVED AS TO FORM AND SUBSTANCE:

_____
ATTORNEY FOR PLAINTIFF(S)

_____
ATTORNEY FOR DEFENDANT(S)

**IT IS SO ORDERED.**