IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA DUNNAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 14-1339-SMY-SCW |
| | ) |
| KURT PRENZLER, INDIVIDUALLY | ) |
| AND IN HIS OFFICIAL CAPACITY AS | ) |
| MADISON COUNTY TREASURER, and | ) |
| MADISON COUNTY, ILLINOIS, an | ) |
| Illinois Municipality, | ) |
| | ) |
| Defendants. | ) |

**Plaintiff's Trial Brief in Support of Award of Damages for Wage Loss**

Plaintiff submits, consistent with the Court's directions, this brief in support of an award of damages for wage loss. This is a simple and straight forward issue.

**I.     The Law**

The Americans with Disabilities Act incorporates the same remedies for disability discrimination as Title VII. *See* the Americans with Disabilities Act, 42 USCS § 12117: "The powers, remedies, and procedures set forth in sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964 shall be the powers, remedies, and procedures this title provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this Act." Title VII and ADA remedies include back pay and front pay. *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003).

Title VII and ADA plaintiffs who succeed in proving discrimination are "presumptively entitled to full relief." *Hutchison v. Amateur Elec. Supply*, 42 F.3d 1037, 1044 (7th Cir. 1994) citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (U.S.S.C. 1975). *"*Once a plaintiff has established the amount of damages she claims resulted from her employer's conduct, the burden

of going forward shifts to the defendant to show that the plaintiff failed to mitigate damages or that damages were in fact less than the plaintiff asserts." *Hutchison v. Amateur Elec. Supply*, 42 F.3d 1037, 1044 (7th Cir. 1994) citing *Gaddy v. Abex Corp.*, 884 F.2d 312, 318 (7th Cir. 1989).

The Supreme Court in *Albermarle* cited at length to the Congressional Record, and it is instructive on this issue:

> The provisions of this subsection are intended to give the courts wide discretion exercising their equitable powers to fashion the most complete relief possible. In dealing with the present section 706(g) the courts have stressed that the scope of relief under that section of the Act is intended to make the victims of unlawful discrimination whole, and that the attainment of this objective rests not only upon the elimination of the particular unlawful employment practice complained of, but also requires that persons aggrieved by the consequences and effects of the unlawful employment practice be, so far as possible, restored to a position where they would have been were it not for the unlawful discrimination.

118 Cong. Rec. 7168 (1972), *cited by Albemarle* at 421.

**II     The Facts**

The trial evidence proved plaintiff was earning $57,640 per year as the Madison County Comptroller before she was constructively discharged.  Plaintiff testified at trial that her annual salary in defendant's employ was approximately $57,000. Defendant's payroll records show plaintiff's annual salary, when calculated as an hourly wage, was raised to $28.25 on January 28, 2012 and was again raised to $28.82 on December 1, 2012. *[Plaintiff's Trial Exhibit 10]* This hourly wage of $28.82 multiplied by 2000 hours is $57,640.

Plaintiff wrote in a February 12, 2013 letter to defendant: "I will be forced to retire effective Wednesday, Feb 13, 2013... I had hoped to serve for at least two (2) more years." *[Defendant's Trial Exhibit 3]*

**III.    Argument**

Although plaintiff use the phrase "*at least* two more years" in her February 12, 2013 letter, plaintiff agrees to limit her claim for wage loss to two years.

Plaintiff testified at trial that after her constructive discharge, and after a brief period of unemployment, plaintiff began working part time for St. Paul's Episcopal Church as bookkeeper. Plaintiff's W2s from St. Paul's from 2013 and 2014, produced to defendant, show that plaintiff earned $14,733.39 in 2013 and $20,459 in 2014.

If plaintiff had continued to work as Madison County Comptroller at her pre-constructive discharge rate of pay, she would have earned $115,280 in 2013 and 2014. Instead, plaintiff worked for St. Paul's and earned $35,190.39. The difference is $80,089.61; these are plaintiff's lost wages.

Defendant filed an affirmative defense of failure to mitigate damages. It is defendant's burden to prove this defense. *Hutchison v. Amateur Elec. Supply*, 42 F.3d 1037, 1044 (7th Cir. 1994) *citing Gaddy v. Abex Corp.*, 884 F.2d 312, 318 (7th Cir. 1989). Defendant offered *zero* evidence at trial that plaintiff failed to mitigate her damages; there is no evidence to support defendant's allegation that plaintiff failed to mitigate damages. Plaintiff should be awarded her lost wages of $80,089.61.

Plaintiff respectfully suggests that, in addition to the jury's verdict of $450,000, this Court find that plaintiff's wage loss was $80,089.61 and that the Court enter judgment for plaintiff in the amount of $530,090. Plaintiff further requests that the Court enter an Order enjoining the Madison County Treasurer's Office from any further violations of the Americans with Disabilities Act. In addition to the judgment, plaintiff will promptly be submitting a Petition for Attorney's Fees and costs.

Respectfully submitted,

LINDA DUNNAGAN

By:    */s/ Lee W. Barron*
        Lee W. Barron (IL 06195132)
        William D. Buchanan (IL 6312437)
        112 Front Street
        Alton, IL  62002
        Phone:  618-462-9160
        Fax:  618-462-9167
        lee@leebarronlaw.com
        will@leebarronlaw.com

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA DUNNAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 14-1339-SMY-SCW |
| | ) |
| KURT PRENZLER, INDIVIDUALLY | ) |
| AND IN HIS OFFICIAL CAPACITY AS | ) |
| MADISON COUNTY TREASURER, and | ) |
| MADISON COUNTY, ILLINOIS, an | ) |
| Illinois Municipality, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECTF system, which will send notification of such filing to the following:

    John L. Gilbert:  jgilbert@sandbergphoenix.com
    Geri Lynn Arrindell:  garrindell@sandbergphoenix.com

                                              /s/ Lee W. Barron