IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA DUNNAGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1339-SMY-SCW |
| | ) |
| THE MADISON COUNTY TREASURER'S OFFICE and MADISON COUNTY, ILLINOIS, an Illinois Municipality, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

After a three day trial, a jury awarded Plaintiff $450,000 in compensatory damages under the Americans with Disabilities Act ("ADA"). This matter is now before the Court on Defendants' Renewed Motion for Judgment as a Matter of Law, or in the Alternative for a New Trial, or in the Alternative to Alter or Amend the Judgment, brought pursuant to *F.R.C.P.* 50(b), 59(a) and 59(e) (Doc. 81). For the following reasons, Defendants' motion is **GRANTED** in part and **DENIED** in part.

"If a party has been fully heard on an issue . . . and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may [grant the motion for judgment as a matter of law]." FRCP 50(a). "No later than 28 days after the entry of judgment . . . the movant may file a renewed motion for judgment as a matter of law." FRCP 50(b). When the motion is brought after a jury verdict, the question is not whether the jury believed the right people, but "whether it was presented with a legally sufficient amount of evidence from which it could reasonably derive its verdict." *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000). A jury's verdict will be overturned

only if no rational jury could have found for the plaintiff. *Tate v. Exec. Mgmt. Servs., Inc.*, 546 F.3d 528, 532 (7th Cir. 2008).

A new trial may be granted under *F.R.C.P.* 59 if the verdict is against the manifest weight of the evidence or if a prejudicial error occurred. *Romero v. Cincinnati Inc.*, 171 F.3d 1091, 1096 (7th Cir. 1999). "The district court has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Mejia v. Cook Cty., Ill.*, 650 F.3d 631, 633 (7th Cir. 2011).

Defendants argue that no reasonable jury could have concluded that Plaintiff was disabled as defined in the ADA. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" "The definition of disability . . . shall be construed in favor of broad coverage of individuals . . . to the maximum extent permitted by the terms of [the ADA]."

"An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." The "regarded as" element cannot apply to "impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C.A. § 12102.

Defendants presented their motion for judgment as a matter of law at the close of evidence. Plaintiff argued that the jury could reasonably choose to disbelieve the reason given by the employer for Plaintiff's termination and instead, conclude that the employer was dissembling to cover up a discriminatory purpose, i.e., that he regarded Plaintiff as disabled. The Court ruled that there was sufficient evidence from which the jury could find that Plaintiff was

subjected to adverse employment actions as a result of her employer's perception of her physical impairments (Doc. 78, p. 112).

The crux of Defendants argument is that Plaintiff's supervisor, Kurt Prenzler, could not have regarded Plaintiff as disabled because he did not testify as such. (Doc. 82, p. 10). At trial, Prenzler testified that he hired and maintained an Assistant Comptroller while simultaneously eliminating Plaintiff's position of Comptroller after being "shocked" that Plaintiff was at work with an IV drip in her arm. There was also evidence presented that Madison County's Human Resources Director, Chris Sillery, had expressed concern that Prenzler was trying to "get rid" of Plaintiff on account of her illness (Doc. 76, p. 42). Taking this evidence into account, the Court again finds that there was sufficient evidence for the jury to find that Plaintiff was at least regarded as disabled by her employer. As such, the jury's verdict in this regard was not against the manifest weight of the evidence and Defendants' renewed Rule 50 motion and Rule 59 motion for a new trial will be denied.

"Federal Rule of Civil Procedure 59(e) allows for post-trial motions to alter or amend a judgment, including by way of remittitur." *Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1007 (N.D. Ill. 2016). "In deciding Rule 59(e) motions, the Seventh Amendment requires that the Court 'accord substantial deference to the jury's assessment' of damages." *Id*.

Defendants request that the Court amend the judgment to exclude Madison County because "no verdict was rendered against it." (Doc. 82, p. 13). Immediately preceding trial, the parties agreed that Madison County would be dismissed for purposes of liability, but remain in the case for indemnification purposes only. (Doc. 79 p. 15). The jury was instructed that Madison County Treasurer's Office was the only defendant and the verdict form reflects a verdict against only one defendant. (Doc. 58, p. 1). So, while Madison County remains a party, it is for indemnification purposes only. Therefore, the judgment will be amended as to reflect a

liability judgment against the Madison County Treasurer's Office only.

Defendants also request that the jury's damage award be reduced to comply with the statutory cap in Section 1981a(b)(3), arguing that Plaintiff was employed by Madison County Treasurer's Office and not Madison County. The Court previously found that Defendants had not properly moved for a reduction of the compensatory damages and had not provided any evidence to establish the number of employees. (Doc. 74, p. 3). The Court also specifically ruled that although Plaintiff worked in the Madison County Treasurer's Office, she was an employee of Madison County and therefore, the number of employees of Madison County, not solely the Madison County Treasurer's Office, should be considered for the purpose of applying the damage cap. *Id*.

Defendants have now properly moved for a reduction of the compensatory damages via application of the statutory cap. In support of their request however, Defendants have submitted evidence of the number of employees for Madison County Treasurer's Office, notwithstanding the Court's previous ruling that the appropriate metric is the total number of employees for Madison County. Because Defendants have provided no evidence of the number of employees of Madison County, their request to reduce the compensatory damage award is denied.

**IT IS SO ORDERED.**

**DATED: June 2, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**